[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
After rejecting an arbitrator's award, the plaintiff in the instant action timely petitioned this Court for a trial denovo pursuant to Rule 5 of Sup. Ct. Arb. R. Sitting without a jury, this Court heard testimony from both parties relative to plaintiff's entitlement to benefits under a group life insurance policy held by her deceased husband's employer. Pursuant to the terms of the insurance contract, the following decision is governed by applicable Massachusetts law.
The facts from which this insurance dispute arises are virtually undisputed. James Garlick commenced his employment with Table Talk, Inc. (hereinafter "Table Talk") in May, 1953. Mr. Garlick maintained his status as a full-time employee from May of 1953 until July 15, 1981. He was placed on long-term disability on January 4, 1982 and never returned to active employment. Mr. Garlick died on April 22, 1984 and was survived by his wife, Mrs. Veronica Garlick (hereinafter "plaintiff").
On March 15, 1984, National Life Insurance Company (hereinafter "defendant") issued a group policy to Table Talk with a December 16, 1983 effective date. Prior to the issuance of the March 15, 1984 policy, Table Talk purchased its group policy from an insurer entirely unaffiliated with defendant. The policy in question was administered solely by the policyholder and did not require employee contribution.
The policy specifically provided that Table Talk was responsible for assessing and supplying all employee eligibility information. Table Talk's other responsibilities included payment of premiums and procuring, collecting and distributing all employee identification cards, enrollment cards, and certificates of insurance.
Table Talk employees eligible for life insurance benefits under this policy included:
 1. non-union employees who have completed the waiting period and who are actively working at least 30 hours per week . . .,
 2. retired employees, and
 3. dependents of those employees who [qualify for eligibility under subsection one] . . .
The record herein is without evidence which indicates that Table Talk ever enrolled Mr. Garlick in the group life insurance plan. Plaintiff has presented neither a certificate of insurance nor an employee enrollment card evidencing Mr. Garlick's membership in the policy. The deposition testimony of Table Talk's former personnel coordinator, however, indicates that Table Talk included Mr. Garlick's name on a list identifying those employees on long-term disability, and remitted premiums to defendant based on the list. After Mr. Garlick's death, the personnel coordinator submitted a life insurance claim to defendant, and notified plaintiff that she was entitled to receive $22,000 in life insurance benefits.
In Massachusetts, the responsibility of construing the language of insurance contracts belongs to the trial judge. Codyv. Connecticut General Life Ins. Co., 387 Mass. 152,439 N.E.2d 234, 237 (1982). Like all contracts, insurance contracts must be construed according to the fair and reasonable meaning of the words contained in the parties' agreement. Id. Where the policy provisions are plain and unambiguously expressed, the court must enforce the contract in accordance with its terms. Id.
The insurance policy involved in the instant action is clear and unambiguous. The policy's pertinent eligibility requirement provides that only non-union employees actively working thirty (30) hours per week are eligible for coverage under the policy. It is undisputed that Mr. Garlick was on long-term disability and was not actively working thirty (30) hours per week when the policy became effective. Pursuant to the clear and unambiguous terms of the policy, Mr. Garlick was ineligible for life insurance coverage. Plaintiff, therefore, is precluded from recovering the policy benefits on a contract theory.
Plaintiff asserts two arguments to support her contention that she is entitled to recover the disputed life insurance benefit. The first argument alleges that defendant, through its course of conduct with Table Talk, is estopped to deny life insurance coverage. Plaintiff's second argument is that Table Talk's administration of the group policy gave rise to an agency relationship under which the defendant is estopped to deny the existence of coverage because Table Talk's conduct indicated otherwise.
This Court shall now address plaintiff's first estoppel argument. Applicable Massachusetts law provides that an insurance company is estopped to deny insurance coverage where the insurer knew or should have known that its conduct would induce the insured's reasonable belief that insurance coverage otherwise existed. See Jet Line Serv., Inc. v. American Employers Ins.Co., 404 Mass. 706, 713, 537 N.E.2d 107, 112 (1989). Where an insurer's conduct results in reasonable reliance regarding coverage, the insured may recover only when such reliance is detrimental. Id. at 715, 537 N.E.2d at 113.
The evidence in the case at bar is insufficient to support plaintiff's estoppel theory. The group life insurance policy at issue was administered primarily by Table Talk. Defendant calculated the premiums based on the number of eligible employees as identified by Table Talk. Since the policy was non-contributory, Table Talk remitted the premiums without contribution from the insured employees. Virtually all of the transactions necessary to provide insurance coverage occurred between the employees and Table Talk. Although plaintiff testified that she was confident that coverage existed, the facts of this case do not establish the existence of a course of conduct between defendant and Mr. Garlick sufficient to satisfy the requirements of the estoppel theory.
Plaintiff next argues that she is entitled to recover because an agency relationship existed between defendant and Table Talk. Plaintiff alleges that because Table Talk acted as defendant's agent in administrating the group policy, defendant is bound by Table Talk's representation to plaintiff that life insurance coverage existed.
The Massachusetts Supreme Judicial Court has addressed the difficulty in determining whether a group insurance policy creates an agency relationship between the insurer and the employer. Whether an employer acts as the insurer's agent is a factual question requiring resolution on a case by case basis.Kirkpatrick v. Boston Mut. Life Ins. Co., 393 Mass. 640, 646,473 N.E.2d 173, 177 (1985). The following are among the criteria which the trier of fact should consider: whether the task is expressly delegated to the employer; whether the employer's performance is subject to the insurer's control; and whether there is any evidence of collusion between employer and employee to defraud the insurer. Id. Under circumstances where the employer was the self-administrator of a group policy, assuming such functions as enrolling members, providing claims information, and filling out and distributing insurance certificates, the Massachusetts Supreme Judicial Court concluded that an agency relationship existed between the employer and the insurer. Id. at 641-42, 649, 473 N.E.2d at 174-75, 179.
In the instant action, Table Talk's group policy with defendant was self-administered. According to the insurance contract, Table Talk was responsible for supplying all employee eligibility information, payment of premiums, and procuring, collecting, and distributing all employee identification cards, enrollment cards and certificates of insurance. Under these circumstances, Kirkpatrick supra requires this Court to conclude that an agency relationship did, in fact, exist between defendant and Table Talk.
The existence of an agency relationship is not conclusive on the issue of defendant's liability. It is clear and undisputed that principals are liable for the acts of their agents. See H. Henn, Agency-Partnership and Other Unincorporated Business Enterprises 104-06 (West 1972). (discussing principal's liability for agent's acts). For plaintiff to prevail utilizing the agency relationship as support for her estoppel theory, she must prove that Table Talk knew or should have known that its conduct would induce the insured's reasonable conclusion that coverage existed.See Jet Line Serv., Inc., 404 Mass. 706, 715, 537 N.E.2d 107, 112 (explaining criteria for estoppel theory).
Plaintiff has produced no evidence which shows that Table Talk, through conduct or otherwise, made representations to the deceased relative to life insurance. The absence of both a certificate of insurance and a policy enrollment card indicates that Table Talk did not take affirmative steps to enroll Mr. Garlick in the group policy with defendant. Plaintiff's evidence relative to Table Talk's conduct is insufficient to support the conclusion that Mr. Garlick reasonably believed that he was covered under the group policy with defendant. See, e.g.,Kirkpatrick, 393 Mass. at 641-42, 649, 473 N.E.2d at 174-75 (insurance company would be liable if insured proved that employer used erroneous effective date leading ineligible employee to believe that he had insurance); Paulson v. WesternLife Ins. Co., 636 P.2d 935, 944 (Or. 1981) (group insurer liable for mistaken representation to ensured that he was covered); Elfstrom v. New York Life Ins. Co., 432 P.2d 731, 739 (Cal. 1967) (in absence of fraud, ensurer liable where employer erroneously enrolled ineligible employee).
Plaintiff's evidence primarily consists of the letter sent to her by Table Talk's personnel coordinator, and the personnel coordinator's deposition testimony. Plaintiff's reliance on this evidence is misplaced. While the letter to plaintiff did misrepresent that she was entitled to receive the life insurance benefits, it did not result in a representation to Mr. Garlick regarding insurance coverage. The letter merely represents a misunderstanding on the part of the personnel coordinator after the death of Mr. Garlick. The misrepresentation to plaintiff is not relevant to the estoppel theory.
The deposition testimony of Table Talk's personnel coordinator is likewise inapplicable to the estoppel argument. The deponent's testimony does not reveal any representations to Mr. Garlick relative to insurance coverage. Although Mr. Garlick's name may have appeared on a list sent by Table Talk to defendant, no representation was made to Mr. Garlick that he was otherwise eligible for life insurance coverage while out on long-term disability.
The clear and unambiguous language of insurance contract provided that Mr. Garlick was ineligible for life insurance coverage, thereby precluding plaintiff's right to recover on the contract. Plaintiff is also precluded from recovering on an estoppel theory because the evidence is insufficient to show that the conduct of either defendant or Table Talk resulted in a misrepresentation to Mr. Garlick relative to insurance coverage. Accordingly, this Court finds for the defendant, Lincoln National Life Insurance Company.
Counsel shall prepare the appropriate judgment for entry.